# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**KOOPER CALDWELL**

    **Plaintiff,**

**v.**                                      **No. CIV 98-0284 JC/JHG**

**WAL-MART, INC.**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law, Judgment Notwithstanding the Verdict, or Alternatively, for New Trial, filed June 3, 1999. This case was tried to a jury on May 10 and 11, 1999. The jury found in favor of the Plaintiff. Judgment was entered on May 19, 1999. Having considered the arguments, pleadings, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be DENIED.

Defendant filed its motion pursuant to Fed.R.Civ.P. 50(a), (b) and (c). In its motion for judgment notwithstanding the verdict, Wal-mart argues three points: 1) that the evidence did not support the jury's finding of negligence; 2) that the Court erred by not allowing Wal-Mart to attack Plaintiff's credibility; and 3) that the Court improperly admitted Plaintiff's jury instruction number 5 and improperly denied Defendant's jury instruction number 8.

The Court will first address Defendant's claim that the evidence at trial was insufficient to support the jury's finding of negligence. Under Fed.R.Civ.P. 50, when reviewing a motion for judgment as a matter of law, a court may grant the motion "only if the evidence points but one

way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1450 (10th Cir. 1997). The Court cannot weigh the evidence, pass on the credibility of witnesses, or substitute its conclusions for that of the jury. *Id.* The Court must construe the evidence and inferences most favorably to the nonmoving party. *Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1522 (10th Cir. 1997). If there is no legally sufficient evidentiary basis with respect to a claim or defense under controlling law, the Court must grant the motion. *Mason*, 115 F.3d at 1450.

In this diversity case, the evidence must be examined in light of the burden of proof dictated by state law. *Vasey v. Martin Marietta, Corp.*, 29 F.3d 1460, 1464 (10th Cir. 1994). Under New Mexico law governing premises liability for slip and fall accidents, the plaintiff must prove not only that there was a dangerous condition in a defendant's premises, but also that the defendant knew or had reason to know of the condition. *Gutierrez v. Albertsons*, 113 N.M. 256, 258 (Ct.App. 1992).

At trial the jury heard the following evidence. Plaintiff slipped and fell while in a Wal-Mart aisle where bottled water was sold. A Wal-Mart employee had been in the same aisle stocking merchandise where Plaintiff slipped and fell within five minutes before the fall occurred. This employee testified that, although she had not noticed any water on the floor when she inspected the area, it was possible there could have been water on the floor but unlikely. Plaintiff's wife testified she observed water on the floor and a damaged water container where her husband fell. The medic who assisted Plaintiff testified there was a puddle on the floor. From this evidence the Court finds there was sufficient evidence to support the jury's verdict. The jury could reasonably conclude that the employee who was in the aisle a few minutes before Plaintiff

fell had notice of the water on the floor and neglected to clean it up.

Defendant next argues that the Court erred by not allowing Wal-Mart to attack Plaintiff's credibility and thus it is entitled to a new trial. Defendant claims it was denied the opportunity to attack Plaintiff's credibility by demonstrating Plaintiff had promised proceeds from the lawsuit to former business partners, by introducing opinion evidence of Plaintiff's untruthful character, and by demonstrating Plaintiff's answers to interrogatories and deposition questioning were false and incomplete. According to Defendant, the evidence was being offered to show motive for Plaintiff's testimony about the continuing nature of his injuries and to attack his credibility.

No error in the admission or exclusion of evidence can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp.*, 571 F.2d 1144, 1148-49 (10th Cir.), *cert. denied*, 439 U.S. 862 (1978); Fed.R.Civ.P. 61.

Applying this standard, the Court finds that, even if the evidence should have been admitted, the Court does not believe it was so prejudicial to Defendant that the result of this case would have been different had the Court allowed the evidence Defendant proffered regarding Plaintiff's credibility. Consequently, a new trial is not warranted.

Finally, Defendant claims the Court improperly admitted Plaintiff's jury instruction number 5 and improperly denied Defendant's jury instruction number 8. Defendant's claims are without merit. The Court believes the jury was given fair and adequate instructions of the governing law. Specifically, the Court's jury instruction No. 14 stated New Mexico law governing premises liability for slip and fall accidents. *See*, UJI 13-1318 NMRA 1999.

For the foregoing reasons, Defendant's motion for judgment as a matter of law, for

judgment notwithstanding the verdict, or alternatively, for new trial is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment as a Matter of Law, for Judgment Notwithstanding the Verdict, or Alternatively, for New Trial is DENIED.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**
**SITTING BY CONSENT AND DESIGNATION**